## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NFINITECH SOLUTIONS, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-476-G |
| | ) |
| **RHA HEALTH, LLC, d/b/a RHA** | ) |
| **HEALTH GROUP,** | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now before the Court is Defendant RHA Health, LLC d/b/a RHA Health Group's Motion to Set Aside Default (Doc. No. 9). Plaintiff Nfinitech Solutions, LLC responded in opposition (Doc. No. 21), and Defendant replied (Doc. No. 26).

*I. Background*

Plaintiff initiated this lawsuit on May 11, 2021, asserting a cause of action against Defendant for breach of contract. *See* Compl. (Doc. No. 1) at 2. On May 27, 2021, Plaintiff filed proof of service, reflecting that Defendant was served on May 14, 2021, via personal service. *See* Doc. No. 3. On June 21, 2021, Plaintiff moved for an entry of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) for failure to file a responsive pleading or otherwise defend in this action. *See* Pl.'s Req. Entry of Default (Doc. No. 4) at 1. On October 12, 2021, the Clerk of Court entered Defendant's default on the record. *See* Doc. No. 5. On January 24, 2022, Plaintiff moved for a default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). *See* Doc. No. 6.

Defendant acknowledges in its Motion to Set Aside Default that it was served with the summons and complaint and states that it designated its employee Victor Talha to manage this litigation for Defendant.  *See* Def.'s Mot. at 2.  The Motion states that Mr. Talha had attempted to obtain representation in this matter.  *See id.*  During this process to obtain counsel, Mr. Talha became severely ill with COVID-19 and subsequently died in September 2021.  *Id.*  Defendant states Mr. Talha had not informed Defendant that he had not resolved this dispute or retained counsel prior to his death.  *See id.* at 3.  Defendant alleges that its "understanding was that the dispute had been resolved."  *Id.*

Defendant states that it learned this action remains active and pending when it received notice of Plaintiff's motion for default judgment in January 2022.  *See id.*  Defendant states that, at that time, it promptly identified and retained counsel to defend itself in this action.  *See id.* at 4.  On February 9, 2022, counsel for Defendant entered an appearance in this action.  *See* Doc. No. 7.  Defendant filed the instant Motion seeking to set aside the Entry of Default shortly after, on February 14, 2022.

II.  *Standard of Review*

Federal Rules of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause."  In deciding whether to set aside an entry of default under Rule 55, "courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (internal quotation marks omitted).  "These factors are not 'talismanic' and the court

may consider other factors." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995).

"Recognizing that default judgments are a 'harsh sanction' and that 'strong policies favor resolutions of disputes on their merits,' the Tenth Circuit has advised that a default judgment must normally be viewed as available only when the adversarial process has been halted because of an essentially unresponsive party." *Gaines v. City of Moore*, No. CIV-20-851-D, 2021 WL 3215103, at *1 (W.D. Okla. July 29, 2021) (quoting *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)). "We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

## III. Discussion

In considering whether good cause exists to set aside the Entry of Default, the Court addresses the factors outlined by the Tenth Circuit.

### A. Willful Default

Defendant argues that its default was not willful and was instead the result of confusion and lack of diligence after its employee Mr. Talha became severely ill with COVID-19. Defendant alleges that it "did not know that this matter was left unresolved or still pending" after Mr. Talha's death and points to its efforts to promptly retain counsel and defend itself upon receiving notice of the filing of the motion for default judgment. Mot. at 6-7. Plaintiff does not argue in its Response that Defendant's default was willful or deliberate.

3

While Defendant cannot absolve itself by placing the blame on a single employee within its organization, the Court finds that Defendant's default was not willful. The delay alone, although lengthy, is not evidence of willfulness, and Defendant promptly took steps to remediate its failures upon discovering it was in default.[1] This factor weighs in favor of setting aside the default. *See Kahler v. Wal-Mart Stores, Inc.*, No. 20-cv-1536, 2020 WL 7335714, at *3 (D. Colo. Dec. 14, 2020) ("A late filing, without more, does not make a party's conduct willful for purposes of Rule 55(c)." (internal quotation marks omitted)); *Gaines*, 2021 WL 3215103, at *2 ("[A] party's prompt motion to set aside an entry of default serves to mitigate any culpable conduct.").

### B. Prejudice to the Opposing Party

As to the second factor, "the court must consider whether [the plaintiff] would suffer prejudice, if default were to be set aside." *Kahler*, 2020 WL 7335714, at *4. "Prejudice requires more than mere delay or an increase in litigation costs." *Id.* (internal quotation marks omitted). "A plaintiff must show prejudice in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Gaines*, 2021 WL 3215103, at *2 (internal quotation marks omitted).

The Court finds that Plaintiff will not be significantly prejudiced by setting aside the default. This case is at an early stage—there has been no status and scheduling conference and no deadlines have been set. There is no indication in the record that the delay has resulted in any lost evidence, created issues for discovery, or affected Plaintiff's

---

[1] Plaintiff does not argue that Defendant was aware of the entry of default prior to January 2022.

ability to prosecute its claim.  Aside from discussing a general delay in proceedings, Plaintiff does not contend in its Response that it will be prejudiced by setting aside the default.  This factor weighs in favor of setting aside the default.

### C. *Meritorious Defense*

The final factor addresses whether the party in default has presented a meritorious defense.  "[T]he Court must determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* at *3 (internal quotation marks omitted).  "A defendant need not demonstrate a likelihood of success on the merits." *Id.* "Rather, [a] defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001)).  "The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Kahler*, 2020 WL 7335714, at *4 (internal quotation marks omitted).

The Court finds that Defendant has presented a meritorious defense at this stage. This is a case involving a single breach of contract claim relating to an agreement for Defendant to purchase medical supplies from Plaintiff.  Defendant states that it disputes that Plaintiff satisfied conditions precedent, disputes that there was a breach of the agreement, and disputes that Plaintiff has suffered damages.  Defendant further states that it will contend that Plaintiff materially breached the purchase agreement, excusing Defendant's performance.  Plaintiff does not dispute in its Response that Defendant will

have potentially meritorious defenses in this action. This factor likewise weighs in favor of setting aside the default.

IV. *Conclusion*

Based on the discussion above, and in view of the policy favoring resolution of disputes on the merits, the Court finds that good cause exists to set aside the Entry of Default entered against Defendant RHA Health, LLC d/b/a RHA Health Group on June 21, 2021.

Accordingly, Defendant's Motion to Set Aside Default (Doc. No. 9) is GRANTED. The Entry of Default (Doc. No. 5) is VACATED and SET ASIDE. Plaintiff's Motion for Default Judgment (Doc. No. 6) is DENIED AS MOOT.

IT IS SO ORDERED this 30th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge