UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NFINITECH SOLUTIONS, LLC,** | ) |
| | ) |
|     **Plaintiff-Counterclaim Defendant,** | ) |
| | ) |
| v. | )    Case No. CIV-21-476-G |
| | ) |
| **RHA HEALTH, LLC, d/b/a RHA** | ) |
| **HEALTH GROUP,** | ) |
| | ) |
|     **Defendant-Counterclaimant.** | ) |

## ORDER

Now before the Court is a Motion (Doc. No. 56) filed by Defendant-Counterclaimant RHA Health, LLC, d/b/a RHA Health Group ("RHA"). No response has been filed by Plaintiff-Counterclaim Defendant Nfinitech Solutions, LLC ("Nfinitech") within the time allowed. *See* LCvR 7.1(g).

*I.  Background*

On May 5, 2021, Nfinitech filed its Complaint (Doc. No. 1) alleging a breach of contract claim against RHA. On October 3, 2022, RHA filed an Answer and Counterclaim (Doc. No. 38), asserting counterclaims against Nfinitech for breach of contract and unjust enrichment. On October 7, 2022, Nfinitech filed an Answer (Doc. No. 43) to those counterclaims.

On May 10, 2023, counsel for Nfinitech sought to withdraw from this matter. *See* Doc. No. 53. The Court granted the request to withdraw and ordered that, no later than May 25, 2023, Nfinitech must "obtain new counsel and file the entry of appearance in this matter." Order of May 11, 2023 (Doc. No. 54) at 1-2 (citing LCvR 17.1 ("Parties who are

not natural persons may not appear *pro se*.")).  As of July 11, 2023, Nfinitech had not appeared through new counsel or otherwise shown compliance with the Court's Order.  *See* Order to Show Cause of July 11, 2023 (Doc. No. 58) at 2.  Accordingly, the Court directed Nfinitech to show cause in writing, no later than July 25, 2023, why its claim should not be dismissed for failure to prosecute.  *See id.*  Nfinitech has not responded to the Court's Order to Show Cause or sought additional time to do so.

II.     *Nfinitech's Claim Against RHA*

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action based on the plaintiff's failure to prosecute or comply with the Court's orders.  *See* Fed. R. Civ. P. 41(b).  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."  *Huggins v. Sup. Ct. of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)).  If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Despite being given ample opportunity to do so, Nfinitech has not taken the steps necessary to prosecute its case. Nfinitech's failure to prosecute this action or to comply with the Court's Orders leaves the Court unable "to achieve [an] orderly and expeditious"

resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Accordingly, the claim raised against RHA in Nfinitech's Complaint (Doc. No. 1) shall be dismissed.

   III.   *RHA's Counterclaims Against Nfinitech*

On June 13, 2023, RHA filed its Motion, requesting, *inter alia*, that the Court enter default against Nfinitech on RHA's counterclaims pursuant to Federal Rule of Civil Procedure 55(a). *See* RHA Mot. at 1, 5.

Despite numerous opportunities and specific instruction, Nfinitech has entirely failed to defend itself or otherwise participate in this lawsuit for many months. Most significantly, Nfinitech has failed to obtain new counsel or respond to the Court's Order to Show Cause. Therefore, Nfinitech "has failed to . . . otherwise defend" itself against RHA's counterclaims, and Nfinitech is in default. Fed. R. Civ. P. 55(a); *see Digit. Ally, Inc. v. Culp McAuley, Inc.*, No. 22-2203, 2022 WL 20056016, at *1 (D. Kan. Dec. 5, 2022); *GreenTree Transp. Co. v. Speedy Heavy Hauling, Inc.*, No. 10-cv-02657, 2011 WL 5834746, at *6 (D. Colo. Sept. 19, 2011) (R. & R.), *adopted in relevant part*, 2011 WL 5834714 (D. Colo. Nov. 17, 2011).

## CONCLUSION

As outlined herein, Plaintiff Nfinitech Solutions, LLC's claim against Defendant RHA Health, LLC, d/b/a RHA Health Group is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Counterclaimant RHA Health, LLC, d/b/a RHA Health Group's Motion (Doc. No. 56) is GRANTED IN PART insofar as the Clerk of Court is directed to enter a default against Counterclaim Defendant Nfinitech Solutions, LLC on the relevant counterclaims pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Motion is otherwise DENIED AS MOOT.

IT IS SO ORDERED this 9th day of November, 2023.

CHARLES B. GOODWIN
United States District Judge