UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NFINITECH SOLUTIONS, LLC,** | ) |
| | ) |
|     **Counterclaim Defendant,** | ) |
| | ) |
| v. | )   Case No. CIV-21-476-G |
| | ) |
| **RHA HEALTH, LLC, d/b/a RHA** | ) |
| **HEALTH GROUP,** | ) |
| | ) |
|     **Counterclaimant.** | ) |

## ORDER

Now before the Court is the Motion for Default Judgment (Doc. No. 62) of Counterclaimant RHA Health, LLC, d/b/a RHA Health Group ("RHA"), seeking entry of a default judgment against Counterclaim Defendant Nfinitech Solutions, LLC ("Nfinitech"). No response has been filed within the time permitted by local rule. *See* Doc. No. 13.

   *I. Background*

On November 9, 2023, the Clerk entered Nfinitech's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 61).

RHA now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $228,185.00, plus attorney's fees, costs, and interest. *See* RHA Mot. Default J. at 1-5; *id.* Ex. 1, Schnibbe Decl. (Doc. No. 62-1).

## II. Discussion

### A. Procedural Requirements

The record reflects that Nfinitech has failed to "otherwise defend," that default was entered by the Clerk, and that RHA's Motion complies with Local Civil Rule 55.1. Fed. R. Civ. P. 55(a). Accordingly, RHA has satisfied the procedural requirements for entry of a default judgment. *See id.* R. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. RHA's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, RHA is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party

2

in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

RHA is a Utah limited liability company, and Nfinitech is an Oklahoma limited liability company. RHA Countercl. ¶¶ 1-2 (Doc. No. 38). RHA's counterclaim for breach of contract arises from RHA's agreement to purchase medical gloves for hospital use from Nfinitech. *See id.* ¶¶ 5-6. On January 26, 2021, RHA made payment of $190,785.00 by wire transfer to Nfinitech toward a purchase of 64,000 boxes of medical gloves, containing 100 units per box, for a total purchase price of $381,570.00. *Id.* ¶¶ 7-9, 12. At the time of the transaction, RHA had an existing retail buyer to purchase from RHA the 64,000 boxes that Nfinitech agreed to sell; that resale would have provided RHA a profit of at least $37,400.00. *Id.* ¶¶ 8, 13.

Nfinitech failed to tender 64,000 boxes of medical gloves "that met the specific conditions" of the parties' agreement, as reflected in RHA's purchase order and Nfinitech's invoice. *Id.* ¶¶ 11-14; *id.* Exs. 1 (Doc. No. 38-1) (RHA purchase order), 2 (Doc. No. 38-1) (Nfinitech invoice). Specifically, Nfinitech "provided multiple bills of lading that did not match the description of the 64,000 boxes and did not show that the . . . gloves were actually approved by the FDA for hospital/medical use," "failed to provide the FDA form 510(k) for [the] manufacturer," and "failed to permit the required inspection " of the boxes as requested by RHA, thereby preventing RHA from taking possession of and reselling the boxes. RHA Countercl. ¶¶ 15-18. "Despite repeated requests and Nfinitech's failure to perform its contractual obligations, Nfinitech has failed and refused to return RHA's $190,785.00 deposit." *Id.* ¶ 19.

Accepting the well-pleaded allegations of the Counterclaim as true, the Court finds that they establish the liability of Nfinitech for breach of contract under either Oklahoma or Utah law. *See Valley View Agri, LLC v. Producers Coop. Oil Mill*, No. CIV-15-1297-D, 2017 WL 1208670, at *2 (W.D. Okla. Mar. 31, 2017) (setting out elements for breach of contract under Oklahoma law); *Glob. Fitness Holdings, LLC v. Fed. Recovery Acceptance, Inc.*, 127 F. Supp. 3d 1176, 1187 (D. Utah 2015) (outlining the elements for breach of contract under Utah law).[1] Because Nfinitech has failed to defend against this counterclaim, the Court finds that entry of a default judgment is appropriate.

*C. Damages*

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

---

[1] Although the Counterclaim additionally presents a claim for unjust enrichment, under Oklahoma law a party may not pursue a claim for unjust enrichment when it has an adequate remedy at law for breach of contract. *See Valley View*, 2017 WL 1208670, at *3.

4

RHA asserts that due to Nfinitech's breach, RHA has been damaged in the total amount of $228,185.00, calculated as (i) breach of contract damages of $190,785.00 for the deposit Nfinitech did not return and (ii) consequential damages of $37,400.00 for the lost profit RHA would have received on its resale of the medical gloves. *See* RHA Countercl. at 13; RHA Mot. Default J. at 4-5. RHA properly relies upon Rule 55(b)(1) as the basis for entry of a default judgment by the Clerk of Court, as its request for the sum certain of $228,185.00 is supported by the Counterclaim and the record before the Court. *See supra*; RHA Mot. Default J. at 4-5. The Court therefore finds that RHA is entitled to damages on its Counterclaim in the amount of $228,185.00.[2]

### D. Attorney's Fees and Costs

RHA additionally seeks an attorney's fee award of $88,119.50 and a costs award of $847.00. *See* RHA Mot. Default J. at 5; Schnibbe Decl. ¶¶ 13-24.

"In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). As support for its request, RHA cites title 12, section 936 of the Oklahoma Statutes, which provides in relevant part: "In any civil action to recover . . . on a[] . . . contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable

---

[2] RHA's request for postjudgment interest is governed by federal statute. *See Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) ("Under [28 U.S.C.] § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute.").

attorney fee to be set by the court, to be taxed and collected as costs." Okla. Stat. tit. 12, § 936(A); *see* RHA Mot. Default J. at 5.

The Court readily concludes that RHA's Counterclaim is a "civil action" to recover on a contract "relating to the purchase or sale of goods, wares, or merchandise." Okla. Stat. tit. 12, § 936(A). Nfinitech therefore is liable to RHA for "a reasonable attorney fee." *Id.*

It is less apparent that a fee award exceeding $88,000 is proper and reasonable on a relatively straightforward case that ended prior to dispositive motion practice and upon a damages award of $228,185.00. As the fee applicant, RHA "bears the burden of proving that the time and labor for which [it] seeks compensation are reasonable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996). "[T]he ultimate determination of reasonableness and amount of the fee award is generally left to the sound discretion of the district court." *Combs*, 551 F.3d at 1001. Under Oklahoma law "the correct method for determining a reasonable attorney fee is to calculate the 'lodestar'— the number of hours reasonably expended multiplied by a reasonable hourly rate—and then to enhance or reduce the fee by consideration of the factors in *State ex rel. Burk[] v. City of Oklahoma City*." *Brown v. Elephant Talk N. Am. Corp.*, No. CIV-18-902-PRW, 2022 WL 1527523, at *3 (W.D. Okla. May 13, 2022) (footnote omitted) (citing *Burk*, 598 P.2d 659, 661 (Okla. 1979)); *cf. Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (noting in reviewing a 42 U.S.C. § 1988 fee award that "[a] reasonable rate is the prevailing market rate in the relevant community"). These factors include "[t]he customary fee" charged for the services performed. *Burk*, 598 P.2d at 661. Although the rates charged by national

litigation firms may be considered in some circumstances, "[t]he relevant legal community is the local community." *Strack v. Cont'l Res., Inc.*, 507 P.3d 609, 617 n.10 (Okla. 2021) (finding no abuse of discretion where the lower court considered the rates of attorneys from national litigation firms in determining the fee award for class counsel who had "performed highly specialized legal services").

RHA was primarily represented in this matter by five attorneys at a firm in Salt Lake City, Utah. In accordance with this Court's local rules, those Utah attorneys appeared pro hac vice and through association with Oklahoma counsel. *See* Doc. Nos. 18, 19, 20. In its fee request, RHA represents that its Utah counsel is entitled to $84,558.50 for 244.5 hours of work performed in this matter[3] and its Oklahoma counsel is entitled to $3561.00 for 17 hours of work performed in this matter. *See* RHA Mot. Default J. at 5; Schnibbe Decl. ¶¶ 14-21.

The Court finds that the total number of hours expended by counsel in this matter is reasonable. While there were few filings submitted to the Court, the time entries submitted by Utah and Oklahoma counsel reflect that there was extensive work performed toward evaluating potential experts, participating in party discovery, and otherwise pursuing RHA's cause of action against Nfinitech. *See, e.g.*, Schnibbe Decl. at 11-12, 14, 32, 38.

The Court finds, however, that the hourly rates charged by three of the Utah attorneys are not "a reasonable hourly rate" and must be discounted. *Brown*, 2022 WL 1527523, at *3. The first attorney, Jason A. McNeill, billed for 82.8 hours of work at a

---

[3] This figure incorporates a voluntary "write-off" of $4932.00. Schnibbe Decl. ¶ 10.

7

rate of $405 to $415 per hour. Schnibbe Decl. ¶ 21. The second, Eric K. Schnibbe, billed for 44.7 hours of work at a rate of $355 to $375 per hour. *Id.* And the third attorney, Craig M. Hansen, billed for 86.7 hours of work at a rate of $295 to $305 per hour. *Id.* In contrast, lead counsel at the Oklahoma firm charged $250 per hour. *Id.* RHA has not shown that the Utah attorneys performed highly specialized legal work or established that they are otherwise entitled to an award based upon the upper end of these rates for the contract dispute at issue. *See generally Brown*, 2022 WL 1527523, at *3 (calculating the lodestar for a section 936(A) award with an attorney rate of $250-275 per hour); *Goodwin & Goodwin, Inc. v. Neel, Harvell & Assocs., P.C.*, No. CIV-21-19-TDD, 2023 WL 6447245, at *2-3 (E.D. Okla. Oct. 3, 2023) (finding hourly rates of $180 and $200 per hour to be reasonable on a section 936(A) fee request).

Accordingly, the Court will apply a rate of $295 per hour to the billable hours claimed by Attorneys McNeill, Schnibbe, and Hansen. With this adjustment, the total fee award for Utah counsel is $71,208.50 ($24,426.00 for Attorney McNeill; $13,186.50 for Attorney Schnibbe; $25,576.50 for Attorney Hansen; $7976.50 for attorney Scott Allen; and $43.00 for attorney Adam Strong). Together with Oklahoma counsel's bill of $3561, which the Court finds to be reasonable, the Court awards total attorney's fees in the amount of $74,769.50. So reduced, the Court finds that these rates and time spent are reasonable and that this sum bears a reasonable amount to the amount in controversy. *See Goodwin & Goodwin*, 2023 WL 6447245, at *2-3.

Finally, RHA seeks $847.00 for "general external costs" "advanced by [Utah counsel] and reimbursed" by RHA, such as "fees for electronic storage of client documents

assembled for purposes of discovery." RHA Mot. Default J. at 3; Schnibbe Decl. ¶ 20. RHA provides no invoices or itemized support for this request, however, and so it is denied. *Cf.* LCvR 54.1 (requiring a verified bill of costs and supporting brief).

## CONCLUSION

Accordingly, Counterclaimant RHA's Motion for Default Judgment (Doc. No. 62) is GRANTED IN PART and DENIED IN PART as set forth herein. A separate Default Judgment shall be entered.

IT IS SO ORDERED this 3rd day of April, 2024.

_____
CHARLES B. GOODWIN
United States District Judge